| | |
|---|---|
| DANA C. WATTLEY, as Administrator of the Estate of ANDERSON DAVID C. BIGGERS, JR., <br><br>Plaintiff, <br><br>vs. <br><br>CITY OF CHARLOTTE et al., <br><br>Defendants. | ORDER |

**THIS MATTER** comes before the Court on two consolidated Motions to Dismiss. Defendant City of Charlotte filed a Motion to Dismiss for Failure to State a Claim (Doc. No. 5), and Defendants Detective Peacock and Detective Lowe filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Failure to State a Claim. (Doc. No. 7).

## I.    PROCEDURAL BACKGROUND

Plaintiff Dana C. Wattley ("Plaintiff") brings this action as the administrator of her son's estate, Anderson David C. Biggers ("Decedent"), alleging that the Defendants' failure to adequately investigate the Decedent's murder (i) posthumously violated the Decedent's substantive due process rights; and/or (ii) were negligent in their murder investigation.

Plaintiff brings a total of four counts on behalf of the Decedent's estate against Peacock and Lowe in their "individual and personal capacity" and against their employer, the City of Charlotte: (1) Count I includes a Section 1983 claim presumptively against Peacock and Lowe in

1

their individual capacities, while referencing without elaboration analogous state constitutional claims against the Defendants; (2) Count II is a Section 1983 Monell claim against the City of Charlotte; (3) Count III is what Plaintiff styles as a § 1983 "Canton claim" (i.e., failure to train) against the City of Charlotte; and (4) Count IV is a negligence claim against "CMPD" (i.e., presumptively the City of Charlotte).

Defendants are entitled to dismissal of these claims as a matter of law. As detailed below, Plaintiff lacks standing, the Constitution does not recognize a right to have third parties investigated or prosecuted, and under North Carolina law, the public duty doctrine directly precludes such a claim.

## II. FACTUAL ALLEGATIONS

Although the Complaint is quite lengthy, the factual allegations pertinent to Defendants' Motion to Dismiss are few.

At around 9:00 p.m. on May 27, 2017, the Decedent "went with some friends… to buy a small amount of marijuana, approximately one ounce. [Decedent] drove his car," and "had sufficient funds to buy the marijuana." (Doc. 1 at ¶ 10.) The Decedent and his two friends traveled to the parking lot of a nearby grocery store "to purchase the marijuana from Ryan Douglas." (Id. at ¶ 11.) An individual named James Thomas was with Ryan Douglas in the parking lot. (Id. at ¶ 12.)

Upon meeting Douglas and Thomas, the Decedent exited his vehicle and got into theirs. (Doc. 1 at ¶ 16.) Thomas then shot the Decedent "in the lower-right back area, one time," which killed the Decedent. (Id. at ¶¶ 16-17). "[T]his was a set-up to kill [the Decedent],

resulting from a prior disagreement." (Id. at ¶ 18.)

Thereafter, the Complaint alleges "deliberate indifference" and "negligence" in Detectives Peacock and Lowe's investigation into the Decedent's murder. (See, e.g., Doc. 1 at ¶¶ 81-82). Plaintiff supports these allegations with the following examples: "[CMPD] did not focus its investigation on how Decedent's body was laid out in the parking lot, as it did not look natural" (Id. at ¶ 81(1)); "Detectives came to self-defense conclusion too quickly and did not aggressively attempt to find out what happened…" (Id. at ¶ 81(11)); "[t]he case could have been presented to the Federal authorities, given more liberal self-defense rules, but was not" (Id. at ¶ 81(12)); "[t]he case file is not complete, with sufficient documentation as to what was done and what was not done in this case" (Id. at ¶ 81(14)); "Detective's (sic) Peacock and Lowe were negligent when questioning Jose" (Id. at ¶ 81(16)); "Detectives Peacock and Lowe were negligent when questioning Jose and Thiemann" (Id. at ¶ 81(17)); "Plaintiff told Detective Lowe, that one-year prior to the homicide, that Decedent's vehicle was shot-up… CMPD did not follow-up on this information" (Id. at ¶ 81(29)).

Plaintiff alleges similar examples in the Complaint in attempting to impose vicarious liability and respondeat superior claims against the City of Charlotte, as well as *Monell* and *Canton* liability.

### III. STANDARD OF REVIEW

The burden to prove jurisdiction is on the Plaintiff. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). In determining whether the Court has jurisdiction, "the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the

3

pleadings without converting the proceeding to one for summary judgment." <u>Richmond, Fredericksburg & Potomac R.R. Co. v. United States</u>, 945 F.2d 765, 768 (4th Cir. 1991).

Standing is an indispensable element of federal jurisdiction. Federal courts "are not at liberty to resolve every grievance over government policy, no matter how significant, for Article III of the Constitution confines the federal courts to adjudicating actual cases and controversies." <u>Doe v. Obama</u>, 631 F.3d 157, 160 (4th Cir. 2011) (quoting <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560 (internal quotations and citations omitted). To have standing:

> [A] plaintiff must be able to show: (1) it has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

<u>Lane v. Holder</u>, 703 F.3d 668, 671 (4th Cir. 2012) (quoting <u>Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.</u>, 528 U.S. 167, 180-81 (2000).

Federal Rule of Civil Procedure 12(b)(6) provides that a motion may be dismissed for failure to state a claim upon which relief can be granted. A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint without resolving contests of fact or the merits of a claim. <u>Republican Party of N.C. v. Martin</u>, 980 F.2d 943, 952 (4th Cir. 1992). Thus, the Rule 12(b)(6) inquiry is limited to determining if the allegations constitute "a short and plain statement of the claim showing the pleader is entitled to relief" pursuant to Federal Rule of Civil Procedure 8(a)(2). To survive a defendant's motion to dismiss, factual allegations in the complaint must be sufficient to "raise a right to relief above a speculative level." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). Thus, a complaint will survive if it contains "enough

4

Case 3:20-cv-00426-MOC-DSC   Document 15   Filed 03/31/21   Page 4 of 9

facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

For the purposes of a Rule 12(b)(6) analysis, a claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (Id.) (quoting Twombly, 550 U.S. at 556). The Court must draw all reasonable factual inferences in favor of the plaintiff. Priority Auto Grp., Inc. v. Ford Motor Co., 757 F.3d 137, 139 (4th Cir. 2014). In a Rule 12(b)(6) analysis, the Court must separate facts from legal conclusions, as mere conclusions are not entitled to a presumption of truth. Iqbal, 556 U.S. at 678. Importantly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (Id.). However, well-pleaded factual allegations are entitled to a presumption of truth, and the court should determine whether the allegations plausibly give rise to an entitlement to relief. (Id. at 679).

### III. DISCUSSION

#### A. STANDING

Plaintiff brings this action as administrator of the Decedent's estate against the detectives investigating the circumstances surrounding the Decedent's death and those detectives' employer, the City of Charlotte. As detailed below, however, Plaintiff has no standing to bring these claims because (i) the two statutes which generally allow her to bring claims as the administrator of the Decedent's estate do not apply here; and (ii) private citizens do not have standing to challenge the criminal investigation or prosecution of another.

Given that standing is jurisdictional, for the reasons identified above and elaborated upon

5

below, the Complaint is dismissed in accordance with Rule 12(b)(1) of the Federal Rules of Civil Procedure. See, e.g., City of Los Angeles v. Lyons, 461 U.S. 95, 101 (1983).

### 1. North Carolina Survivorship and Wrongful Death Statutes

"As 42 U.S.C. § 1983 does not provide for survival of claims, we consult the law of the forum state—the North Carolina survival statute—to determine whether the claim survives." Brown v. Town of Cary, 706 F.3d 294, 299 (4th Cir. 2013), abrogated on other grounds by Reed v. Town of Gilbert, Ariz., 576 U.S. 155 (2015). The state claims are, therefore, governed by North Carolina law.

N.C. GEN. STAT. § 28A-18-1 "provides that claims in favor or against a decedent *at the time of his death* shall survive to and against the personal representative or collector of his estate." State Auto Ins. Co. v. Blind, 185 N.C. App. 707, 708 (2007) (internal quotation marks omitted.) Claims brought under this statute "are generally known as 'survivorship actions.'" (Id. at 710).

Similarly, "[c]laims filed pursuant to N.C. GEN. STAT. § 28A-18-2(a) are generally known as 'wrongful death actions.'" (Id. at 711). "A wrongful death action is a creature of statute and may be brought only as the authorizing statutes permit." Burcl v. North Carolina Baptist Hosp., Inc., 306 N.C. 214, 217 (1982). The wrongful death statute provides in relevant part:

> When the death of a person is *caused* by a wrongful act, neglect or default of another, such as would, if the injured person had lived, have entitled him to an action for damages therefor, the person or corporation that would have been so liable… shall be liable to an action for damages, to be brought by the personal representative… of the decedent.

N.C. GEN. STAT. § 28A-18-2(a) (emphasis added).

The U.S. District Court for the Eastern District of North Carolina summarizes the two North Carolina statutes and their respective relationships succinctly:

> Survival claims are brought after death for injuries sustained before death and inure to the benefit of the estate… By contrast, a wrongful death claim provides relief where a defendant's actions cause injury proximately resulting in the decedent's death, with all recovery inuring to the benefit of decedent's heirs…

Sparks v. Oxy-Health, LLC, 134 F. Supp. 3d 961, 969 n.3 (E.D.N.C. 2015).

According to the factual allegations of the Complaint, on May 27, 2017, the Decedent was shot and killed by James Thomas, in the vehicle of Ryan Douglas in the parking lot of a grocery store while purchasing a small quantity of marijuana. (Doc. 1, ¶ 10, ¶¶ 15-16.)

All of the alleged investigative conduct identified in the Complaint as the impetus for the claims against the Defendants, however, occurred after the Decedent's death. Thus, the claim putatively "in favor" of the Decedent did not exist "at the time of his death," as required for the North Carolina survivorship statute to apply. See N.C. GEN. STAT. § 28A-18-1. Nor does the North Carolina wrongful death statute apply because the "wrongful act, neglect or default" alleged in the Complaint of the Defendants did not cause "the death of a person [i.e., the Decedent]." See N.C. GEN. STAT. § 28A-18-2(a).[1]

Neither of these statutes contemplate posthumous claims brought by administrators on

---

[1] Further illustrating the inherent issue of Plaintiff's capacity to bring this claim to begin with, if Plaintiff seeks standing through the wrongful death statute, then her claims are barred under that two-year statute of limitations. See, N.C. GEN. STAT. § 1-53(4); see also, Nat'l Advertising Co. v. City of Raleigh, 947 F.2d 1158, 1161 (4th Cir. 1991), cert. denied, 504 U.S. 931 (1992) (statute of limitations for § 1983 claims "borrowed from the analogous state statute of limitations."). If, rather, Plaintiff seeks standing through the survivorship statute, then the claim never accrued because it would have had to accrue before Decedent's death to have caused it.

behalf of decedents. Therefore, under either statute, Plaintiff lacks standing to bring the putative claims under either Section 1983 or state law.

## 2. Constitutional Claim of Insufficient Prosecution or Investigation

Plaintiff also lacks standing because the U.S. Supreme Court has held that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973). Following the Court's lead, various circuit courts of appeal have concluded that parties lack standing specifically as to seeking relief for inadequate criminal investigations. The Fifth Circuit dismissed an appeal *per curiam* as "without arguable merit and… frivolous," where a pro se individual alleged that a police department "fail[ed] to investigate adequately the shooting death of his mother." Autrey v. Mississippi, 66 F. Appx. 523, 1 (5th Cir. 2003). The Tenth Circuit also reasoned that a father did not have a "any recognized legally valid right, or even privilege" that was violated by a district attorney's refusal to prosecute an individual whom the father thought had killed his son. Dohaish v. Tooley, 670 F.2d 934, 937 (10th Cir. 1982).

The Fourth Circuit likewise reasoned, in the context of applying qualified immunity to law enforcement officers on a failure to investigate a claim, that private citizens have "no right to a criminal investigation or criminal prosecution of another" . . . "[n]or do private citizens have standing to request the prosecution of another." Smith v. McCarthy, 349 F. App'x. 851, 859 n.12 (4th Cir. 2009) (citing Sattler v. Johnson, 857 F.2d 244, 277 (4th Cir. 1988); Linda R.S., 410 U.S. 619).

Plaintiff has the burden to establish subject-matter jurisdiction and has failed to do so.

8

Plaintiff lacks standing in this case because (1) claims made wholly on posthumous conduct are not contemplated by North Carolina's survivor statute; and (2) private citizens lack standing to allege a claim for insufficiency of a criminal investigation of another. Thus, applying Linda R.S. to this case, the Complaint is dismissed for lack of standing in its entirety.

### IV. CONCLUSION

Because the Court resolves the case on standing grounds under Rule 12(b)(1), the Court does not proceed to an analysis of other arguments raised by the parties. In sum, Defendants' Motions to Dismiss (Doc. No. 5; Doc. No. 7) are **GRANTED**, and the claims against Detectives Peacock and Lowe as well as the City of Charlotte are **dismissed** with **PREJUDICE**.

**IT IS, THEREFORE, ORDERED** that:

1. The Motions to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim, filed by Defendants, (Doc. No. 5; Doc. No. 7) are **GRANTED**.

Signed: March 30, 2021

Max O. Cogburn Jr
United States District Judge

9